### ARGUED AND DETERMINED

###### IN THE

# SUPREME JUDICIAL COURT,

###### IN THE

### COUNTY OF CUMBERLAND, MAY TERM, 1805, AT PORTLAND.

———◆———

## RICHARD MOUNTFORT *versus* SILAS HALL, in Error.

No appeal lies to the Court of Common Pleas from the judgment of a justice of the peace in a prosecution upon the militia law. The *constitution* does not give the right of appeal in any case; it depends wholly on statute. Costs not allowed where judgment is reversed for *error in law*.

THE plaintiff in error, being the clerk of a company in the militia, entered his complaint against the defendant, with a justice of the peace, in conformity to the statute of June 22d, 1793, (*stat.* 1793, *c.* 14, § 23,) for the neglect of the defendant to appear upon a muster day, as notified; whereby he had forfeited, &c.: the defendant appeared before the justice according to the summons which issued upon the complaint, and pleaded *in abatement* that he ought not to be holden to show cause why a warrant of distress should not issue, because the summons was not issued by the justice, nor served on the defendant, within sixty days next after the time when the supposed offence was committed, &c. To which plea the complainant demurred generally, and the defendant joined in demurrer. The judgment of the justice, upon the demurrer, was, that the plea in abatement was insufficient, and that the defendant should answer over to the complaint; whereupon *the defendant, reserving to himself the issue on the de-* [ * 444 ] *murrer and plea aforesaid for trial at the Court of Common Pleas by way of appeal, which appeal from the judgment ren-*

331

*dered as aforesaid, he, the said defendant, then claimed,* pleaded the general issue, *not guilty,* which was joined ; and judgment rendered thereon, by the justice, that the defendant was guilty, and that the complainant recover against the defendant one dollar, sixty-six cents, debt or damage, and costs of suit taxed at seven dollars and sixty-six cents ; and the justice refused to grant the appeal claimed by the defendant as aforesaid. At the then next term of the Court of Common Pleas, the same Court, on motion, did allow and sustain the appeal claimed by the defendant from the judgment rendered before the justice, (which appeal was so refused by the said justice,) in the same way as though the said appeal had been granted by the justice, and ordered the defendant to recognize to prosecute his appeal in *that* court, &c. ; and he recognized accordingly ; and further ordered notice to be given to the complainant to appear at the then ensuing term of *that* court, to prosecute his original action and abide the order of the court thereon ; at which term, the parties were heard upon the demurrer, &c., and the Court of Common Pleas adjudged the plea in abatement to be good and sufficient, and .hat the original summons be abated.

To reverse which judgment, and establish the judgment of the justice, the complainant brought this writ of error, and assigned the errors following, *viz.: First,* that by law no appeal was given or allowable from the judgment, rendered by the said justice against the defendant ; but that the right to an appeal was expressly taken away by a statute of the commonwealth.

        *Secondly,* that it appears, by the record and process [ * 445 ] aforesaid, that, although an appeal from the *judgment of the said justice was claimed by the defendant, and the same was then and there refused, yet it does not appear, by said record or process, that the defendant entitled himself to an appeal by recognizing or offering to recognize with sufficient surety or sureties to prosecute such appeal with effect.

And, *Thirdly,* that said Court of Common Pleas adjudged the plea in abatement to be good and sufficient ; whereas the judgment of the same court (if it had by law any power to sustain said appeal or any jurisdiction in the cause) should have been that the plea in abatement was insufficient, and that the defendant should answer over to the charges stated against him in the complaint.

The defendant pleaded in *nullo est erratum.*

*Bartlet,* for the plaintiff. The act upon which the process was grounded is silent as to the right of either party to appeal from the judgment of a justice rendered on this law ; but as different opinions had been holden relative to that question, and the practice had differed in different parts of the state, some justices allowing and

others refusing to allow an appeal, the legislature, by the act of Feb. 24, 1796, *sect.* 2, (*stat.* 1795, *c.* 54,) expressly enacted, " that from and after that time no appeal should be allowed to either party from the judgment of a justice of the peace upon any prosecution or complaint brought by any clerk of a company of infantry, &c., which the militia law requires to be made and prosecuted by such clerks." (*a*)  From this provision it would seem clear that the Court of Common Pleas had no jurisdiction of the case.  But if it be admitted that the act of March 11, 1784, (*stat.* 1783, *c.* 42,) describing the power of justices of the peace in civil actions, which (in *sect.* 6) gives the right of appeal from judgments rendered by them, extends to the present case, yet the same * act [ * 446 ] provides that the person appealing shall recognize with a surety or sureties, &c., to prosecute his appeal.  In the case before the Court, the defendant neither recognized nor offered to recognize, and of course the claim of appealing was a mere nullity.  As to the third error assigned, that which is grounded upon the judgment of the Court of Common Pleas, upon the plea in abatement, it is obvious that, by the 23d *sect.* of the act of June 22d, 1793, the clerk may at any time after the expiration of eight days, and within sixty days after the offence committed, file his complaint with the justice.  This is all the clerk has to do in order to bring forward the prosecution.  There is nothing said as to the time within which the summons shall issue to the defendant; there is not a syllable in the act from which it can be inferred that the summons is either to issue or be served within the sixty days; and therefore the Court of Common Pleas ought to have adjudged the plea in abatement to be insufficient.

*Chase,* for the defendant.  As to the first error : The statute which takes away the right of appeal is unconstitutional and void. The 15th article of the Bill of Rights declares that " in controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherwise used and practised, the parties have a right to trial by jury."  If, previous to the adoption of the constitution, it had been, in cases of this nature, otherwise used and practised, it belongs to the other side to show it.  Taking it for granted then that there had been no such use and practice, it follows that the justice ought to have granted the appeal.  For although the statute upon which the process is founded is silent as to an appeal, yet the general law, the act of March 11th, 1784, which gives an appeal from the judgment of a justice of the peace * in all cases whatsoever, [ * 447 ]

(*a*) See act March 4, 1800, *sect.* 16, (*stat.* 1799, *c.* 73.)

extended to the present case. That law has pointed out the mode of carrying the constitutional right into effect; authorizing an appeal to a court where the cause may, if either party desire it, be tried by a jury.

As to the *second* error: All that the party could do, in the first instance, was to claim an appeal. He could not recognize, because the justice, by determining that no appeal lay, rendered it absolutely impossible for the party actually to recognize. And, after such de termination, it would have been idle and nugatory to offer to recognize.

As to the *third* error· The statute requires the complaint to be made within sixty days, the justice to make record thereof, and to issue a summons to the party, to be served seven days before the time of trial. The limitation goes to the whole, and it was obviously intended that the party complained of should have notice and trial within sixty days; for if the party were to be called to answer at *any* future time, he might be wholly deprived of the power of pro ducing evidence in his defence, of which he could have availed himself, had the prosecution been brought forward immediately after the supposed offence committed.

*Parker*, on the same side. This cause has been brought into this Court to have the question settled, as to the constitutionality of the law which takes away the right of appeal. If the present case be one of those cases in which the right to a trial by jury is secured by the article in the Bill of Rights, which has been cited, it seems to fol low as a necessary consequence that the law is unconstitutional and void; for the party could in no other way have the cause tried by a jury, the justice having no authority to summon a jury for that pur pose. This case is certainly within the general description mentioned in the article. Taking it for granted, then, that there was [ * 448 ] a right of appeal, * if the defendant did all that *he* could do to obtain the right, the Court of Common Pleas had authority to sustain the appeal in the manner they did. The object of appellate jurisdiction is, that the errors of inferior courts may be corrected. If the Court of Common Pleas could not sus tain the appeal, the error of the justice could not be corrected ; and the illegal assumption of power by him would bind the person and property, and control the superior court. Claiming an appeal includes the idea of offering to recognize. The case does not say that the defendant *did not* offer to recognize ; but it is assigned for error that it *does not appear* that he offered to recognize. But if claiming an appeal includes an offer to recognize, this assignment contradicts the record, and is a nullity. [THACHER, J. The act of July 3, 1782, (*stat.* 1782, *c.* 11, § 2,) provides "that any party

aggrieved at the judgment of the Court of Common Pleas may appeal therefrom " to this Court, recognizing, &c. It was decided in this Court that no appeal lay from the judgment of the Common Pleas in a prosecution upon the excise law, passed subsequent, in which an appeal was taken away by the act; because it was a new mode of process, not conformable to the course of the common law. —SEWALL, J. I remember a case where an appeal from the judgment of the Common Pleas upon the referee law, was sustained in this Court.] *Parker.* Both cases prove that the Court will inquire whether by law an appeal lay or not; and having determined that question, they dismissed or sustained the appeal, without regarding whether a recognizance was or was not given; the party having done all he could. The Court will then inquire whether the Common Pleas had not in this case appellate jurisdiction. [SEDGWICK, J. The Court of Common Pleas has no appellate or superintending jurisdiction, except where it has been given by statute.]

*Parker.* The constitution * is the law paramount; and [ * **449** ] there was no way to have this case tried by a jury but by appealing to the Court of Common Pleas, the next court of higher jurisdiction; and therefore that court were right in sustaining the appeal. If the present is an excepted case, the other side will show it; and that before the revolution the practice was different. As to the third error, it is evidently the meaning of the statute that the summons should issue within sixty days, for the reasons already given.

*P. Mellen,* in reply. The statute on which this process was founded gave neither nor took away the right of appeal. Hence it has been contended, on the other side, that the right of appeal was from the statute of March, 1784, describing the general powers, &c., of a justice of the peace. To this it is a sufficient answer, that the act of Feb. 24, 1796, has expressly declared that no appeal shall be allowed to either party from the judgment of a justice of the peace in prosecutions of this nature. But it is said, on the other side, that this act is unconstitutional, as being contrary to the 15th article in the Bill of Rights; and the counsel for the plaintiff are called upon to show that, previous to the adoption of the present constitution, it had been otherwise used and practised. It belongs, rather, to the defendant to show that, previous to the constitution, a person charged with a neglect of the militia duty was entitled to a trial by jury. But it is believed that before the revolution the practice was for the captain of a company or colonel of the regiment to set the fines, and to issue their warrants of distress for the collection thereof, and that there was no instance where offences of this kind were made cognizable by the civil authority. If this be so, it is a suffi-

cient answer to the objection, and proves that this is one of the excepted cases in the article of the Bill of Rights relied [ * 450 ] on. * But if the practice were otherwise, and the civil magistrate had, at that time, cognizance of such cases, it would not follow that the law which takes away the right of appeal is unconstitutional. The constitution does not give a right of appeal in any case. Wherever that right exists, it is by statute. Taking away an appeal does not take away a trial by jury; all that can be said is, that the legislature did not go far enough; that it did not provide for calling a jury by a justice. But *this* Court can do it. The application therefore ought to have been made directly to this Court; and if, upon investigation, the Court should be of opinion that the party had a constitutional right to a trial by jury, they would order the justice to proceed and try the cause by a jury.

As to the *second* error: If an appeal lay, it was not claimed in such a manner as to authorize the Court of Common Pleas to sustain it. It is not contended that if an inferior court illegally refuse to allow an appeal, the party is without remedy. But it is insisted that, to entitle him to an appeal, he must do certain acts; that he must not only declare that he appeals, but that he must offer to recognize, bring forward his sureties, and tender the legal fees. If he does all these things, he has done all that is in his power, and he will be entitled to all the privileges resulting from an actual appeal granted. In such case, the Court would and ought to sustain the appeal otherwise the party would lose his right by the fault of the magistrate. In the cases which have been mentioned by the Court, it appeared that these things were done. In the present case, nothing appears, except that the party claimed an appeal, which does not include the idea of an offer to recognize, bringing forward sureties or tender of fees; it does not, necessarily, mean any thing more than a simple declaration that he appealed.

[ * 451 ] * As to the *third* error assigned: The words of the statute are, that " the clerk of the company shall, after the expiration of eight days, and within sixty days after the offence shall have been committed, make complaint thereof," &c. If, therefore, the clerk makes the complaint within sixty days, he is certainly within the words of the act. The plea in abatement does not deny that the complaint was filed in due season, but goes only to the issuing of the summons. The limitation in the statute relates to the filing of the complaint. Had the legislature intended that the issuing of the summons should also be limited to sixty days, they would undoubtedly have expressed that intention. Mentioning one is an exclusion of the other. Besides, when the clerk has done his duty, all that he could do, all that the statute requires of *him*, is he

to lose a right, which had attached in him, because the magistrate neglected *his* duty ?   But there is no such obligation imposed upon the magistrate by the statute.   The clerk has, to the last moment of the sixty days, the right of filing his complaint ; and it would be absurd to say that it was the duty of the justice to issue his summons within the sixty days, when, from the nature of the case, it might be physically impossible for him to do it.   He concluded by saying that it was of very considerable importance to have the question settled as to the right of appeal, from the difference in the practice, in different counties, on this subject.

THACHER, J. (after stating the case.)   This writ of error is brought to reverse the judgment of the Court of Common Pleas, and to establish the judgment of the justice.

As to the first error assigned.   The process on the militia law is, in all respects, independent of, and disconnected with the statute describing the general powers of justices of the peace in civil actions.   * That statute prescribes a particular [ * 452 ] mode of proceeding in order to bring such actions before them, and allows an appeal in all cases where the parties have appeared and pleaded.   Had the militia law, in general terms, given a right of action to the clerk for the recovery of fines from delinquents, by a prosecution before a justice of the peace, and been silent as to an appeal, then, perhaps, the party, complying with the necessary requisites, would have been entitled to an appeal by virtue of the first-mentioned statute.   But that is not this case.   The militia law prescribes a *special mode of proceeding*; it stands by itself; has no connection with the former statute ; no appeal is given by it; and therefore it cannot be claimed by virtue of the general law.   As to the right of trial by jury in this case, the constitutional right, I do not think it necessary to give an opinion ; because, admitting the right to exist, as contended for, this was not the mode to obtain it.   The constitution has not secured the right of appeal in any case ; that is left wholly to the legislature.   The constitution has not undertaken to detail, or even to specify, the *mode* in which parties are to have the trial by jury ; that also is left to the legislature.   I think the party might have had a trial by jury, but not in the method by which he attempted it.   The second law, that which took away the appeal, I consider as wholly inoperative. It, in fact, took away nothing ; because the first law gave no appeal. I am clearly of opinion that the justice did right in refusing it, and that he could not legally do otherwise.   But even admitting that the defendant had the right of appeal, yet it does not appear in this case, that he complied with the necessary requisites ; it does not appear that he offered to recognize ; that any sureties were

offered, or that he tendered the fees; the want of these requisites was sufficient to take away his right, if he had one. It [ * **453** ] * is undoubtedly true that where the right exists, and the party does all in his power, the court of appellate jurisdiction will sustain the appeal, notwithstanding the denial by the inferior court. This has frequently been done. But for the reasons given I think that the *second* error in this case is well assigned. As to the *third*, which relates to the plea in abatement: The plea is founded on the idea that the statute has required the summons to be-issued within sixty days from the time of the offence committed. I am clearly of a different opinion. It appears to me to be impossible to put that construction upon the clause without doing violence to the manifest intention of the legislature as well as the very words of the statute. The act provides that "the clerk of the company to which the offender belongs, shall, after the expiration of eight days, and within sixty days after the offence shall have been committed, make complaint thereof to some justice of the peace in the county where such offender shall live, who shall make record thereof, and shall issue a summons to the party complained of, to be served seven days at least before the time appointed for the trial, &c. The limitation relates only to the filing of the complaint; or, at most, beyond that, to the record of it. As to that, I give no opinion. The complainant has done all that he could do, all that the law required of him, to bring forward the prosecution. And therefore, had an appeal been allowed of right, and *duly* claimed, the plea in abatement was insufficient, and ought to have been so adjudged in the Court of Common Pleas. For all the reasons assigned for error, I am of opinion that the judgment of that court is erroneous, and ought to be reversed.

SEWALL, J. The first and principal question in this case is upon the right of appeal; and if this should be determined against [ * **454** ] the defendant, the * other question contested, of the regularity of the process, need not be decided. A *right* of appeal from the order of the justice of the peace is contended for against the letter of an act for regulating and governing the militia, and against the undoubted intention of the legislature therein; this being a case of a judgment by a justice of the peace, upon a prosecution or complaint brought by the clerk of a company of infantry, which the militia law requires to be made and prosecuted by such clerk; and the legislature have said that in such cases no appeal shall be allowed to either party.

The defendant insists upon his right of appeal, notwithstanding the statute mentioned, upon the ground of a right secured to every citizen of this state by the 15th article of the Bill of Rights, part of

the Constitution of Government. This article declares that "in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has been otherwise used and practised, the parties have a right to a trial by a jury." And the argument is, that a law, preventing an appeal from a judgment by a justice of the peace on a suit for a fine by the clerk of a militia company, as the party affected by the judgment is thereby prevented from a trial by a jury, is a violation of this article of the constitution, and therefore, in this particular, is void and ineffectual.

Whatever may be the construction or effect of this article of the constitution in ordinary cases, there is not in the present case any possible application of the article. This appeal was claimed against a judgment, or decision by the justice, before whom the proceedings certified to us were depending, upon the trial of an issue in law exclusively cognizable by the justice or justices of every court, without the intervention of a jury. *And at the [ * 455 ] time of this appeal claimed, no issue had been taken or tendered by the defendant suitable for the cognizance of a jury. The constitutional article relied on by the defendant has never been construed to make it the duty of a party to try his cause by a jury; at the utmost it can only preserve the right to be exercised at the will of the party. If the statute may be considered as operative where there is no contravention of the article of the constitution, from which a right of appeal in certain cases is implied, the appeal claimed in this instance is effectually prevented by the statute; being in a case not provided for by this article of the constitution. And this construction may be the more readily adopted, as any party aggrieved by the decision of a justice of the peace, or of any other court, upon a matter of law arising and apparent upon the record or minutes of the court, has another and more specific remedy by writ of error or *certiorari.* The appeal claimed in this case from the decision of the justice was therefore justly refused; and the proceedings in the Court of Common Pleas, in allowing and sustaining such appeal, must be determined to have been erroneous, and their judgment thereupon must be reversed.

SEDGWICK, J. In this case, several errors are assigned; but, in my opinion, it is necessary to take notice of the first only; which in substance declares that the Court of Common Pleas had no jurisdiction; that it was not authorized to sustain the appeal, because none was given by law, but, on the contrary, the appeal which is given, in ordinary cases, from the judgments of justices to that court was, in this case, expressly taken away by the statute.

The opinions which I shall express, in considering the case, may, in some respects, be deemed extra-judicial, but as it has been

[ * 456 ] argued at large, * and as the public interests are much involved in the points which have been discussed, it will not be deemed improper to extend my observations further than otherwise would be required. To decide the question, whether the Court of Common Pleas has an appellate jurisdiction as claimed and exercised by it, in this case, would decide the merits ; but I think it proper, and authorized by the occasion, to take a more extensive view of the subject; and to consider generally the proceedings before the justice.

The plea in abatement is, that a summons was not issued by the justice to the defendant, within sixty days next after the supposed neglect. The clerk cannot exhibit his complaint to the justice until eight days have elapsed after the cause of complaint has existed. This time, on the one hand, is given to the delinquent for explanation or accommodation, and, on the other, to prevent delay, it must be exhibited within sixty days. The right of the clerk is not limited to *a less* period than sixty days ; and his right therefore, to that purpose, extends to the utmost point of that time. Within these limits, the eight days on the one hand, and the sixty days on the other, the complaint, in this case, was, confessedly, made. It was made, then, *within the time limited by the statute* ; which, in my opinion, is a satisfactory answer to the objection. But had it been true that there was neglect on the part of the justice ; had the complaint been made to him in season to have issued the summons within sixty days, and he had neglected to perform his duty, and had unreasonably delayed,—there is nothing in the act, and I perceive nothing in the nature of the thing, that should have thereby prejudiced the right of the plaintiff, which had attached in him by having made the complaint within the time limited.

[ * 457 ] * The appeal from the judgment of the justice was claimed by the defendant, and sustained by the Court of Common Pleas, on the idea that it was a right secured to him by the 15th article of the Bill of Rights ; which declares that " in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherwise used and practised, the parties have a right to trial by jury." Now, it does not appear—no law is shown for that purpose—that before the forming of the constitution, a man charged with a mere neglect of militia-duty, which is precisely this case, was entitled to a trial by jury ; but the fact is confidently believed to be directly contrary. There is, then, no foundation on which to rest the claim of an appeal. The defendant was not deprived of a trial by jury in a case where, before the constitution, it had been " otherwise used and practised." But even had the defendant been

entitled to a trial by jury, he would not thence have had a right to appeal to the Court of Common Pleas. No court of justice, in this commonwealth, has any jurisdiction, original or appellate, but such as is given to it either *expressly* or by necessary and inevitable implication. An appeal, in this case, is not given, but expressly denied. And I can hardly yet understand on what pretence an appeal could have been claimed. Supposing the defendant, by the constitution, entitled to a trial by jury, it by no means follows that the trial must have been had at the Common Pleas through the intervention of an appeal. Again, let it be remembered that the Court of Common Pleas has the powers precisely given to it by the statute, and no other; and that, so far from having such power given as is claimed by the defendant, it is expressly denied.

Had, indeed, the defendant been condemned by a single magistrate, in a case where he was, by the * con- [ * **458** ] stitution, entitled to a trial by a jury, he was not without remedy. *This* Court has expressly given to it, by law, all the powers of the courts of King's Bench, Common Pleas, and Exche quer in *England ;* and it will, as it is authorized to do, keep within legal and constitutional limits all inferior courts and magistrates. Had the defendant, then, been injured, as he complained, his application ought to have been here, where ample jurisdiction is expressly *given ;* and not to the Court of Common Pleas, where all jurisdiction, in this case, is as expressly *denied.* It appears from these observations that the Court of Common Pleas had no jurisdiction, and that therefore the first error assigned is decisive.

The general view which I have taken of the subject renders a particular attention to the several errors assigned unnecessary. On the whole, we are all of opinion that the judgment of the Court of Common Pleas must be reversed.

*Judgment reversed.* (1)

*Bartlett,* for the plaintiff, moved for costs. None allowed; the reversal being for *error in law.*

NOTE.—By the *stat.* 5 *W. & M. c.* 7, for regulating the militia (*O. P. L. Book,* p 38,) it appears, by the 8th article of the regulations therein contained, that a private, belonging to the militia, who neglected to attend on a muster-day, incurred a forfeiture of five shillings, and, by the 18th article, that the clerk might distrain therefor, *ex officio.* Afterwards, by the *stat.* 16 *Geo. II. c.* 3, (a temporary law, which was, however, continued in force till after the commencement of the American revolution ary war,) the clerk had his election to distrain for the forfeiture, or bring an action of debt, to recover the same, before a justice of the peace. This last-mentioned act is silent as to the right of appeal. But the *stat.* 9 *W. III. c.* 2, (*O. P. L. Book,* p. 70,) authorizing justices of the peace to hear, try, &c., actions of debt, &c.; not exceeding the value of forty shillings, gave the right of appeal, from their judgments, to the

(1) See vol. iv. 171, *Savage* vs. *Gulliver.*—Ib. 239, *Pratt* vs *Hall*

Inferior Court of Common Pleas, in al' cases whatsoever. This act continued in force until the act of March 11, 1784, (*stat.* 1783, *c.* 42,) enlarging the jurisdiction of justices of the peace to debts, &c., not exceeding the value of four pounds ; nor has it ever been expressly repealed. By the act of 1778, which continued in force till after the adoption of the constitution, an action of debt was given to the clerks of companies in the militia, and an appeal allowed as in other actions. And it is unquestionable that by the act of 9 *W. III*, an appeal lay from the judgments of justices of the peace rendered in actions brought upon the act of 16 *Geo. II.* above

[ * **459** ] mentioned. It may also be observed that * in those cases where the clerk distrained for the forfeiture, the legality of the distress might always have been tried by an action of replevin. From what has been stated, it is, as I think, extremely clear, that there was no period of time previous to the adoption of the constitution, in which the party, who was supposed to have been guilty of a breach of any of the laws made for regulating the militia, had not, in some way or other, a right to have his case tried by a jury.

Since the constitution was adopted, the act of March 3, 1781, (*stat.* 1780, *c.* 21,) which repealed the former militia laws, gave an action of debt and allowed an appeal. The act of March 10, 1785, (*stat.* 1784, *c.* 55,) repealed all former laws upon this subject, gave the process by complaint, similar to that given by the now existing law, and allowed an appeal. The act of June 22, 1793, (*stat.* 1793, *c.* 14,) the act now in force, repeals the former laws, and is silent as to an appeal. The additional act of Feb. 24, 1796, (*stat.* 1795, *c.* 54,) takes away the right of appeal, as mentioned in the foregoing case.